UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SONIA POINCON | CIVIL ACTION |
| VERSUS | NO. 18-10251 |
| OFFSHORE MARINE CONTRACTORS, INC. | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion by third-party plaintiff Offshore Marine Contractors, Inc. ("OMC") for reconsideration[1] of this Court's October 9, 2020 Order & Reasons (the "O&R") granting summary judgment in favor of third-party defendant REC Marine Logistics, LLC ("REC").[2] REC responds in opposition.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies OMC's motion.

## I.   BACKGROUND

This suit involves maritime personal injury claims brought by a Jones Act seafarer and cook for two separate and distinct accidents.[4] According to Poincon's complaint, the first incident occurred in May 2015, while Poincon was employed by OMC on the *M/V Louis J. Eymard*, a vessel owned by United Community Bank ("UCB").[5] Poincon alleges that she sustained injuries to her neck and back when a tug and barge owned and operated by REC collided with the *Louis J. Eymard*.[6] Poincon visited the medical provider Occupational Health Services once after the incident, and no other maintenance and cure was paid in conjunction with

---

[1] R. Doc. 49.
[2] R. Doc. 45.
[3] R. Doc. 52.
[4] Civil Action No. 18-2748, R. Doc. 1 (complaint in separate civil action concerning first incident). The O&R contains a more fulsome recitation of the facts and procedural history. R. Doc. 45 at 1-3.
[5] R. Doc. 1 at 2.
[6] *Id.* at 3.

the 2015 accident.[7]  Poincon's claims for this 2015 incident were directed against REC, OMC, and UCB.[8]

Poincon alleges that the second incident occurred in February 2018, nearly three years later, while Poincon was employed by OMC on the *M/V Toby*, a vessel OMC owned.[9]  Poincon alleges further that she injured her neck and back when attempting to break through ice that had accumulated in the vessel's freezer.[10]  Poincon's claims for this second incident are directed against only OMC.[11]

This Court granted a motion by UCB to sever Poincon's claims related to the 2015 and 2018 accidents.  After severance, the captioned case was opened for Poincon's claims arising out of the 2018 incident with OMC as the sole defendant.[12]  OMC then filed a third-party complaint against REC seeking indemnity and contribution for the maintenance and cure it paid to Poincon to the extent such payments resulted from the 2015 incident.[13]  OMC alleged that Poincon's maintenance and cure claim arose in whole or in part out of the 2015 accident, and that REC was at fault for the 2015 accident, entitling OMC to indemnity and contribution from REC for those payments.[14]  OMC also alleged that in 2015, its vessel, the *Louis J. Eymard*, on which Poincon was employed, was stationary when it was hit by REC's vessel.[15]  OMC alleged further that Poincon claims she sustained injuries to her neck and back as a result of the 2015 allision, and that, when she fell in the freezer on the *Toby* in 2018, she sustained "additional aggravating disability injuries" to her neck and back.[16]  OMC reasoned, then, that the maintenance and cure it

---

[7] R. Doc. 32-1 at 5.
[8] R. Doc. 1 at 2-3.
[9] *Id.* at 3.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 9.  In 2019, the parties settled Poincon's claims arising out of the 2015 incident, and Civil Action No. 18-2748 is now closed.
[13] R. Doc. 9.
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.*

2

paid to Poincon after the 2018 accident arose in whole or in part because of the injuries she sustained in the 2015 allision, for which REC was at fault.[17] Thus, OMC alleged that REC's negligence in 2015 caused the need for all or part of Poincon's maintenance and cure in 2018.[18]

REC moved for summary judgment on OMC's third-party complaint, and this Court granted the motion.[19] In the O&R the Court held that OMC cannot seek indemnity or contribution from REC for maintenance and cure payments made to Poincon following the 2018 accident, in which REC was not involved and as to which OMC is alleged to be at fault, on the alleged ground that such payments were due in part to the aggravation of an injury Poincon sustained in the 2015 accident, as to which REC but not OMC is alleged to be at fault.[20] The Court reasoned that REC's alleged negligence in connection with the 2015 allision could not be said to have caused or contributed to the need for OMC to pay maintenance and cure to Poincon after the 2018 slip and fall because the two events were too attenuated in space and time to fairly say that OMC's payment of maintenance and cure to Poincon after the 2018 slip and fall was a foreseeable consequence of REC's alleged negligence in causing the 2015 allision.[21] Further, the Court reasoned that the 2018 slip and fall was an intervening and superseding cause that cut off any liability REC may have had for maintenance and cure arising from injuries Poincon supposedly sustained in the 2015 allision.[22] Additionally, the Court held that, because a negligent defendant takes the plaintiff as it finds her, "where an employee is injured in two separate and distinct accidents, an employer's right to recover maintenance and cure from a third party tortfeasor involved in the first accident should be confined to that portion of the

---

[17] *Id.* at 2-3. Poincon dismissed her claims against OMC and UCB arising out of the 2015 incident. Civil Action No. 18-2748, R. Docs. 67 through 70.
[18] R. Doc. 9 at 3.
[19] R. Doc. 45.
[20] *Id.*
[21] *Id.* at 6-9.
[22] *Id.* at 9.

3

maintenance and cure incurred prior to the second accident in which that employee is also injured" as a result of her employer's negligence.[23]

## II.   PENDING MOTION

OMC seeks reconsideration of the O&R, arguing that Poincon injured her neck in the 2015 accident and her back in the 2018 accident, thus they are separate injuries, and the 2018 accident did not aggravate a prior injury.[24]  OMC points to the unsworn report of Dr. Everett Robert to support this contention and the assertion that the surgeries on her neck and back were performed and billed separately, after the 2018 accident.[25]  OMC also argues that contribution for maintenance and cure from a tortfeasor in a prior incident is an issue of medical causation that should be left for the factfinder to determine.[26]

In opposition, REC argues that OMC is not entitled to reconsideration because the O&R does not contain an error of fact or law and OMC has not presented any new competent summary-judgment evidence.[27]  REC argues that the Court properly applied the superseding cause doctrine to find that "because there was no maintenance and cure paid after the 2015 Incident and before the 2018 Incident, there was no evidence of causation that connected Poincon's claims of injury in the 2015 Incident to the need for maintenance and cure that was expended only after the second, intervening accident in which REC had no involvement."[28]  REC argues further that Robert's report is not competent summary-judgment evidence because it is unsworn, but even if it were considered it does not prove that Poincon would have required surgery on her neck if the 2018 slip and fall never occurred.[29]

---

[23] *Id.* at 10-12.
[24] R. Doc. 49-1 at 1-2.
[25] *Id.* at 2.
[26] *Id.* at 3-7.
[27] R. Doc. 52 at 2-8.
[28] *Id.* at 3.
[29] *Id.* at 7-8.

### III.  LAW & ANALYSIS

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] … the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B CHARLES A.

Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.1 (3d ed. 2019).

The Court is not persuaded that reconsideration is warranted. OMC has not pointed to any jurisprudence or evidence that undercuts this Court's prior analysis and holding. Here, Poincon, while employed by a single employer, OMC, injured her back and/or neck in two separate and distinct accidents. REC, a third party, is alleged to have been at fault for the first accident, but Poincon did not seek medical treatment or miss any work after the first incident. Thus, OMC did not pay any maintenance and cure as a direct result of the first incident. However, OMC did pay maintenance and cure after a second, entirely different kind of accident (a slip and fall as opposed to a vessel allision), in which REC was unquestionably not involved and only OMC is alleged to be at fault. There is no evidence that Poincon would have undergone any surgery but for the 2018 accident, so the maintenance and cure OMC paid in 2018 cannot have been caused by the 2015 accident. The connection is simply too tenuous. Said another way, because the 2015 incident gave rise to no ongoing medical care for Poincon and she returned to work, REC's alleged negligence in 2015 cannot have caused the need for all or part of Poincon's maintenance and cure for the accident in 2018 allegedly solely caused by her employer. As is the case for any tortfeasor, including an employer who happens also to bear a maintenance-and-cure obligation, OMC takes the plaintiff, Poincon, as it finds her, and here, must bear the entirety of that obligation for the tort it is said to have caused. Thus, the Court will not reconsider the O&R.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that OMC's motion for reconsideration (R. Doc. 49) is DENIED.

New Orleans, Louisiana, this 19th day of November, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE